**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH DOUGLAS CLARK, III,** | : | |
| | | **CIVIL ACTION NO. 3:22-1236** |
| | : | |
| **Plaintiff** | | |
| | : | **(JUDGE MANNION)** |
| **v.** | | |
| | : | |
| **LAUREL HARRY, *et al.,*** | | |
| | : | |
| **Defendants** | | |
| | : | |

**MEMORANDUM**

**I. BACKGROUND**

Plaintiff, Kenneth Douglas Clark, III, an inmate currently confined at the State Correctional Institution, Dallas ("SCI-Dallas"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The Plaintiff complains of an event which occurred at his prior place of confinement, the State Correctional Institution, Camp Hill ("SCI-Camp Hill"), Pennsylvania. Id. The named Defendants are the Pennsylvania Department of Corrections ("DOC") and the following SCI-Camp Hill employees: Superintendent Laurel Harry; Deputy Superintendents Michael Gourley and William Nicklow; and Major Randy Evans. Id.

Plaintiff seeks compensatory and punitive damages for alleged violations of the Fourth, Fifth, Eighth and Fourteenth Amendments. Id.

Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint. (Doc. 18). The motion is fully briefed and ripe for disposition. For the reasons set forth below, the Court will grant the motion to dismiss.

## II. FACTUAL ALLEGATIONS IN THE COMPLAINT

Plaintiff was housed in the Psychiatric Observation Cell ("POC") at SCI-Camp Hill from October 16, 2021 through October 18, 2021. (Doc. 1).

He claims that he was not given a mattress while in the POC on October 16 and October 17. Id.

On October 18, 2021, he states that a "corrections officer slammed [his] hand in the tray slot between the hours of 12:00 pm and 1:00 pm." Id. He believes "there should be a picture of [his] left hand cut, swelling and scarred" because "the nurse from 6 to 2 took the picture." Id. Plaintiff does not know the name of the officer who slammed his hand in the tray slot but "listed Randy Evans cause he supervises all corrections officers" and "will know the name of the officer." Id.

Plaintiff alleges "discrimination towards his race by not giving [him] a mattress and slamming [his] hand in the tray slot." Id. He alleges violations of his Fifth, Eighth and Fourteenth Amendments for "not giving [him] a mattress for 2 days and not giving [him] medical attention to clean [his] cut."

- 2 -

Id. Plaintiff claims that "the nurse only took a picture never asked would [he] like x-rays or any medicine." Id. He states that he "never received any medical attention for [his] left hand" and the "hand was cut and swelling, also changing colors." Id.

For relief, Plaintiff "would like money for pain and suffering and for increasing [his] PTSD." Id.


### III. MOTION TO DISMISS

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for

- 3 -

more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief"." Id. at 211 (quoted case omitted).

## IV. DISCUSSION

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws

of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under §1983 cannot be premised on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, *via* the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs.... [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207. Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

Plaintiff's complaint fails to allege any personal involvement whatsoever by Defendants Harry, Gourley, Nicklow, or Evans. In fact,

- 5 -

Plaintiff does not refer to Defendants Harry, Gourley, or Nicklow in any part of his complaint except for the caption. As to Defendant Evans, Plaintiff, himself admits that he is only naming Evans "cause he supervises all corrections officers." (Doc. 1 at 4). Thus, it is clear that he is attempting to pursue a Section 1983 claim against Evans, based solely on *respondeat superior*, which he cannot do. See Rode, 845 F.2d at 1207. In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. See, e.g., Mearin v. Swartz, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing Eighth Amendment claims).

Moreover, Clark's complaint does not state whether he is suing the Defendants in their individual or official capacities. To the extent that Defendants are sued in their "official capacity," claims for monetary relief are barred by the Eleventh Amendment, which proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (state employees acting in their official capacity).

Finally, all claims should be dismissed as to the Pennsylvania Department of Corrections, because that entity is not a "person" within the meaning of 42 U.S.C. §1983, and the Department enjoys Eleventh Amendment immunity against suits for damages in federal court. The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the ... States ....", U.S. Const. amend XI. The Commonwealth has specifically, by statute, invoked its Eleventh Amendment immunity in 42 Pa.C.S.A. §8521(b). It is well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. §1983. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989); see also See, e.g., Quern v. Jordan, 440 U.S. 332, 342 (1979); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Benn v. First Judicial District of Pennsylvania, 426 F.3d 233 (3d Cir.2005).

Although Defendants have set forth valid arguments for entry of dismissal, given the liberal treatment afforded *pro se* litigants and the nature of his claims, the Plaintiff will be afforded an opportunity to submit a curative amended complaint which sufficiently sets forth facts establishing the basis for his claims against Defendants Harry, Gourley, Nicklow and Evans.

## V. AMENDED COMPLAINT

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

As previously discussed, Plaintiff will be provided opportunity to file a single, curative, all-inclusive amended complaint within twenty-one (21) days of the date of this Order which adheres to the standards set forth herein.

Clark is reminded that in order to state a viable civil rights claim each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). He must also exhaust available administrative remedies with respect to each claim he wishes to purse before seeking relief in federal court.

The Plaintiff is also reminded that his amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint. The amended complaint should clearly identify each Defendant, set forth the factual substance underlying Clark's claims in short, concise and legible statements, and specify the constitutional claims and relief being sought.

## VI. CONCLUSION

For the reasons set forth above, the Defendants' motion to dismiss will be **GRANTED**. Defendant, the Pennsylvania Department of Corrections will be dismissed as a named Defendant. The Plaintiff's claims against the Defendants in their official capacity will be dismissed for lack of subject matter jurisdiction, and the Plaintiff's claims against the Defendants in their personal capacity will be dismissed for failure to state a claim upon which relief can be granted. Plaintiff will be granted an opportunity to file an amended complaint.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  September 26, 2023**
22-1236-01